1 | KATHY J. HUANG (SBN 240677)
**ALSTON & BIRD LLP**
2 | 333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
3 | Telephone: (213) 576-1000
Facsimile: (213) 576-1100
4 | E-mail:   kathy.huang@alston.com
5 |
6 | JONATHAN D. PARENTE (*pro hac vice pending*)
JASON ROTTNER (*pro hac vice pending*)
7 | **ALSTON & BIRD LLP**
One Atlantic Center
8 | 1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
9 | Telephone: (404) 881-7000
Facsimile: (404) 881-7777
10 | E-mail:   jonathan.parente@alston.com
11 |            jason.rottner@alston.com
12 |
13 | *Attorneys for Defendants*
*Wata, Inc. and Collectors Universe, Inc.*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

JACOB KNIGHT, JACK CRIBBS, and JASON DOHSE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WATA, INC., and COLLECTORS UNIVERSE, INC.,

Defendants.

Case No.: 8:22-cv-00967-DOC-KES

Assigned to the Hon. David O. Carter

**DEFENDANTS WATA, INC.'S AND COLLECTORS UNIVERSE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING DECISION ON MOTION TO TRANSFER VENUE**

[Filed concurrently with the Notice of Motion; [Proposed] Order; and Motion to Transfer]

Date:           July 11, 2022
Time:           8:30 a.m.
Courtroom:   10A

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................. 1

II.   BACKGROUND ............................................................................................... 2

III.  LEGAL STANDARD ....................................................................................... 2

IV.   ARGUMENT ..................................................................................................... 3

      A.    A Short Stay of Case Deadlines and Discovery Will Not Prejudice
           Plaintiffs ................................................................................................. 5

      B.    Defendants Will Unfairly Be Subjected to Hardship Absent a
           Motion to Stay ........................................................................................ 5

      C.    A Stay Will Promote the Orderly Course of Justice ............................. 7

V.    CONCLUSION ................................................................................................. 7

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Anza Tech., Inc. v. Xilinx, Inc.*,
   No. 17-cv-00687, 2017 U.S. Dist. LEXIS 222817 (D. Colo. Oct. 16, 2017) ..3, 7

5

*Barba v. Janssen Research & Dev. LLC*,
   No. 15-cv-1548-DOC, 2015 U.S. Dist. LEXIS 186851 (C.D. Cal. Oct. 27,
   2015) ........................................................................................................................3

6

7

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ...............................................................................3

8

*In re Google Inc.*,
   No. 2015-138, 2015 U.S. App. LEXIS 16544 (Fed. Cir. July 16, 2015).............4

9

10

*In re Tracfone Wireless, Inc.*,
   848 F. App'x 899 (Fed. Cir. 2021) .......................................................................6

11

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).........................................................................................2, 3

12

13

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ...............................................................................2

14

*Limestone v. Micron Tech.*,
   No. 15-cv-0278-DOC, 2016 U.S. Dist. LEXIS 90742 (C.D. Cal. Jan. 12,
   2016)......................................................................................................................5

15

16

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) .............................................................................2

17

18

*Microsoft Corp. v. TiVo Inc.*,
   No. 10-cv-00240, 2011 U.S. Dist. LEXIS 52619 (N.D. Cal. May 6, 2011)........5

19

*PNC Bank, Nat'l Ass'n v. Mac Meetings & Events, LLC*,
   No. 4:18-cv-1967, 2020 U.S. Dist. LEXIS 252977
   (E.D. Mo. Jan. 28, 2020) .........................................................................3, 5, 6, 7

20

21

*Robinson v. Jackson Hewitt, Inc.*,
   No. 2:19-cv-44, 2019 U.S. Dist. LEXIS 27304 (E.D. Va. Feb. 20, 2019).......3, 6

22

23

*Romoff v. Johnson & Johnson Consumer Inc.*,
   No. 22-cv-00075, 2022 U.S. Dist. LEXIS 69602
   (S.D. Cal. Apr. 14, 2022)..............................................................................*passim*

24

25

*Secure Axcess, LLC v. Nintendo of Am. Inc.*,
   No. 2:13-cv-32, 2014 U.S. Dist. LEXIS 206001 (E.D. Tex. Feb. 10, 2014) .......3

26

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)..........................................................................................4, 6

27

28

*Williams v. Nationstar Mortg., LLC,*
No. 6:16-cv-01357, 2016 U.S. Dist. LEXIS 162362 (D. Or. Nov. 18, 2016)......5

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................1, 2, 4, 6

## I.    <u>INTRODUCTION</u>

Defendants Wata, Inc. ("Wata") and Collectors Universe, Inc. ("Collectors Universe") seek a brief stay of this action, suspending all deadlines (including Defendants' deadline for answering or otherwise responding to the *Complaint*) and discovery until 21 days after the Court rules on their Motion to Transfer Venue. As that concurrently filed motion to transfer explains, Plaintiffs each agreed to a valid and enforceable forum-selection clause governing their claims, so the Court should transfer this case to the U.S. District Court for the District of Colorado under 28 U.S.C. § 1404(a). A temporary stay of the litigation pending resolution of the threshold venue issue presented in the motion to transfer makes sense. *See, e.g.*, *Romoff v. Johnson & Johnson Consumer Inc.*, No. 22-cv-00075, 2022 U.S. Dist. LEXIS 69602, at *4 (S.D. Cal. Apr. 14, 2022). That's why courts routinely grant motions to stay in situations where "the possibility of damages from the stay is minimal," the defendants "may suffer hardship in being required to prepare a motion to dismiss in [the first court] if the case is transferred to another court," and the stay will "not impact the orderly course of justice." *Id.* at *4-5.

That describes this case perfectly. Among other advantages, the requested stay here will avoid duplicative rounds of briefing on Defendants' anticipated motion to dismiss under the law of two different Circuits (which will govern at least Plaintiffs' federal RICO claim) and also avoid duplicative and unnecessary efforts when it comes to pretrial management, discovery, and scheduling. And, lest there be any doubt, a limited stay will not prejudice Plaintiffs because the case is still in the earliest stages and the parties have not yet expended significant resources in this forum.

## II.   **BACKGROUND**

On May 10, 2022, Plaintiffs filed their putative class action Complaint based on allegations that Wata made false representations to customers when presenting estimated turnaround times in connection with its video game grading and encapsulation services. Plaintiffs assert claims for violations of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"), as well as intentional misrepresentation, nondisclosure, and RICO claims.

Defendants waived service on May 17, 2022, and their deadline for filing an answer or otherwise responding to the Complaint is currently July 18, 2022. *See* Dkt. 11, 12.[1] Defendants anticipate moving to dismiss the Complaint.

Concurrently with this Motion to Stay, Defendants have filed a motion to transfer venue to the District of Colorado under 28 U.S.C. § 1404(a) based on the valid and enforceable forum-selection clause in the parties' agreement.

## III.   **LEGAL STANDARD**

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay may be granted pending the outcome of other proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised

---

[1] Plaintiffs amended their complaint on June 9, 2022 to add a request for damages in connection with their CLRA claim. *See* Dkt. 19. Under Federal Rule of Civil Procedure 15(a)(3), Defendants' "required response to [the] amended pleading must be made within the time remaining to respond to the original pleading . . . ."

when the resolution of another matter will have a direct impact on the issues before the Court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, a court weighs and balances the: (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

## IV.    <u>ARGUMENT</u>

District courts around the country—including courts in the Ninth Circuit—have applied the balancing factors to conclude that a stay is warranted pending resolution of a motion to transfer. *See, e.g.*, *Romoff*, 2022 U.S. Dist. LEXIS 69602, at *4; *Barba v. Janssen Research & Dev. LLC*, No. 15-cv-1548-DOC, 2015 U.S. Dist. LEXIS 186851, at *8 (C.D. Cal. Oct. 27, 2015) (Carter, J.) (applying balancing factors in context of pending decision on transfer to MDL); *PNC Bank, Nat'l Ass'n v. Mac Meetings & Events, LLC*, No. 4:18-cv-1967, 2020 U.S. Dist. LEXIS 252977, at *4 (E.D. Mo. Jan. 28, 2020) (highlighting that moving party could face prejudice absent stay because forcing it "to litigate in this venue would undo one of the critical terms it bargained for in its agreements"); *Robinson v. Jackson Hewitt, Inc.*, No. 2:19-cv-44, 2019 U.S. Dist. LEXIS 27304, at *5 (E.D. Va. Feb. 20, 2019) (reasoning that absent a stay the parties would have to engage in extensive motion to dismiss briefing under Fourth Circuit precedent that would have to be re-briefed if case was transferred to district court in another circuit); *Anza Tech., Inc. v. Xilinx, Inc.*, No. 17-cv-00687, 2017 U.S. Dist.

LEXIS 222817, at *3 (D. Colo. Oct. 16, 2017) ("[T]he Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to transfer that could resolve this Court's involvement in this matter."); *Secure Axcess, LLC v. Nintendo of Am. Inc.*, No. 2:13-cv-32, 2014 U.S. Dist. LEXIS 206001, at *8 (E.D. Tex. Feb. 10, 2014) ("As this case is in its early stages . . . , a short stay of limited duration will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff" and would instead "likely . . . simplify the issues in this case.").

*Romoff* is illustrative. There, the presiding district judge in the Southern District of California recently stayed all case deadlines except for opposition and reply briefs relating to the pending motion to transfer under 28 U.S.C. § 1404(a). In doing so, the court found that: (1) the possibility of damage from the stay was minimal given that the motion to transfer would be considered shortly; (2) "Defendant may suffer hardship in being required to prepare a motion to dismiss in this Court if the case is transferred to another court, which may have different motion-filing rules"; and (3) "a stay will not impact the orderly course of justice." 2022 U.S. Dist. LEXIS 69602, at *4-5.

Indeed, where a threshold motion to transfer has been filed under 28 U.S.C. § 1404(a), allowing the proceeding to continue on in the meantime and thereby forcing the defendant "to expend resources litigating substantive matters in an inconvenient venue" would frustrate the change-of-venue statute's core purpose of "prevent[ing] the waste of time, energy, and money and . . . protect[ing] litigants, witnesses and the public against unnecessary inconvenience and expense." *In re Google Inc.*, No. 2015-138, 2015 U.S. App. LEXIS 16544, at *2 (Fed. Cir. July 16, 2015) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The result should be the same here, where all of the balancing factors weigh in

favor of a stay.

### A.    A Short Stay of Case Deadlines and Discovery Will Not Prejudice Plaintiffs

Defendants seek a brief stay until 21 days after the Court rules on their motion to transfer. The hearing on the transfer motion is scheduled for July 25, 2022, so the possibility of any damage resulting from this brief stay is "minimal." *Romoff*, 2022 U.S. Dist. LEXIS 69602, at *4; *see also Williams v. Nationstar Mortg., LLC*, No. 6:16-cv-01357, 2016 U.S. Dist. LEXIS 162362, at *6 (D. Or. Nov. 18, 2016) (granting stay where "the stay defendant seeks will likely be short" and "will not prejudice plaintiffs").

Here, Plaintiffs cannot point to any particularized "damage"—beyond the general delay attendant to any stay—that would result from a brief stay of the deadlines in this case until the Court rules on Defendants' motion to transfer, especially at this early stage of the case when Plaintiffs "ha[ve] not invested substantial expense and time in the litigation." *Microsoft Corp. v. TiVo Inc.*, No. 10-cv-00240, 2011 U.S. Dist. LEXIS 52619, at *17 (N.D. Cal. May 6, 2011); *see also Limestone v. Micron Tech.*, No. 15-cv-0278-DOC, 2016 U.S. Dist. LEXIS 90742, at *8, *16 (C.D. Cal. Jan. 12, 2016) (highlighting in analogous context that "general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay").

In any case, any conceivable prejudice Plaintiffs may claim from this short stay is entirely of Plaintiffs' own making. After all, it is Plaintiffs who disregarded the parties' agreed forum-selection clause and chose to file in this forum instead. They should not be heard to complain. So this first factor weighs in favor of a brief stay.

### B.    Defendants Will Unfairly Be Subjected to Hardship Absent a Motion to Stay

By contrast, Defendants would be unfairly prejudiced if a stay is not granted

because they would lose the right to enforce one of the critical terms of their agreement with Plaintiffs—exclusive jurisdiction over disputes by federal and state courts in Colorado. *See PNC Bank,* 2020 U.S. Dist. LEXIS 252977, at *4-5. At bottom, the intent of 28 U.S.C. § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616. Without a stay, allowing the litigation in this Court to proceed while the transfer motion is pending will "frustrate the intent of § 1404(a) by forcing defendants to expend resources litigating substantive matters in an inconvenient venue." *In re Tracfone Wireless, Inc.*, 848 F. App'x 899, 900 (Fed. Cir. 2021) (internal quotation marks and citation omitted).

In particular, without a stay, Defendants' motion to dismiss or answer deadline would be due July 18, 2022. *See* Dkt. 11, 12. But, in the likely event that Defendants file a motion to dismiss and this case is then transferred to the District of Colorado (which must resolve the federal RICO claim at issue in this case in accord with Tenth Circuit rather than Ninth Circuit precedent), "much of the parties' briefing on the motion to dismiss would likely be wasted and supplemental briefing would likely be required." *Robinson*, 2019 U.S. Dist. LEXIS 27304, at *5. "[T]he cost of these duplicitous briefing efforts is likely to be excessive for all parties." *Id.* Likewise, if the case is transferred to a different district court, the case will be subject to "different local rules and requirements and a different judge," which could further render the parties' efforts before this Court duplicative or wasteful. *PNC Bank*, 2020 U.S. Dist. LEXIS 252977, at *5; *see also Romoff*, 2022 U.S. Dist. LEXIS 69602, at *4 ("Defendant may suffer hardship in being required to prepare a motion to dismiss in this Court if the case is transferred to another court, which may have different motion-filing rules."). This

6

second factor therefore also weighs in favor of a stay.

### C.    A Stay Will Promote the Orderly Course of Justice

Finally, a stay pending a motion that could resolve the Court's involvement in this matter would "prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Anza Tech*, 2017 U.S. Dist. LEXIS 222817, at *3 (acknowledging "the efficiency and fairness of delaying the proceedings pending resolution of a motion to transfer that could resolve this Court's involvement in this matter"); *see also PNC Bank*, 2020 U.S. Dist. LEXIS 252977, at *5 (E.D. Mo. Jan. 28, 2020) ("Granting a stay until a decision is reached about which court will ultimately hear this case will conserve the resources of the parties, counsel, and the judiciary, and will promote the goals of consistent pretrial rulings and avoidance of duplicative efforts."); *Romoff*, 2022 U.S. Dist. LEXIS 69602, at *4-5 (finding a stay pending decision on transfer motion "will not impact the orderly course of justice").

Absent a stay, the parties may need to brief Defendant's likely motion to dismiss in this Court, and then re-brief those issues in a second Court if the case is later transferred. The parties and the Court may also engage in potentially duplicative and unnecessary pretrial management, discovery, and scheduling efforts. If the Court grants the motion to transfer, the parties will be required to start all over again under Tenth Circuit law and under the applicable local rules of the District of Colorado and standing order of the assigned judge. There is no reason to risk wasted effort and wasted resources given that resolution of the transfer motion may end this Court's involvement in the matter. Accordingly, this third factor also weighs in favor of a stay as well.

## V.    CONCLUSION

Because all of the balancing factors weigh in favor of a brief stay of this case

pending the Court's ruling on Defendants' motion to transfer, Defendants respectfully request that the Court enter an order (i) granting this motion and (ii) staying all deadlines (including Defendants' deadline to answer or otherwise respond to the Complaint) and discovery in this case until 21 days after the Court rules on Defendants' motion to transfer.

DATED: June 10, 2022          */s/ Kathy J. Huang*
                             KATHY J. HUANG
                             *Attorney for Defendants Wata, Inc. and*
                             *Collectors Universe, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, I electronically filed the **DEFENDANTS WATA, INC.'S AND COLLECTORS UNIVERSE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING DECISION ON MOTION TO TRANSFER VENUE** with the Clerk of the court for the United States District Court, Central District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on the 10th day of June, 2022 at Los Angeles, California

/s/ Kathy J. Huang
Kathy J. Huang