**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**JACOB KNIGHT et al.**

**Plaintiffs,**

**vs.**

**WATA, INC. et al.,**

**Defendants.**

**Case No. SA CV 22-00967-DOC-KES**

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [21]**

Before the Court is Defendants Wata, Inc.'s ("Wata") and Collector's Universe's ("CU") (collectively "Defendants") Motion for Transfer ("Motion" or "Mot.") (Dkt. 21). The Court heard oral arguments on July 25, 2022. For the reasons described below, the Court **GRANTS** Defendant's Motion and **TRANSFERS** the case to the United States District Court for the District of Colorado.

## I. BACKGROUND

### A. Factual Background

Plaintiffs Jacob Knight, Jack Cribbs, and Jason Dohse ("Plaintiffs") brought various class action claims for false advertising, unfair competition, and racketeering against Defendants related to the estimated turnaround times for Defendants' services grading and encapsulating retro video games. *See generally* First Amended Complaint ("FAC") (Dkt. 19). Plaintiffs all purchased services from Wata to grade their video games and return them, with estimated turnaround times varying by price. *Id.* In order to purchase Wata's services, Plaintiffs were required to accept the Wata Services Agreement (the "Agreement"), Ex. A to Declaration of Kathy J. Huang (Dkt. 21-2), which was provided as a hyperlink by Wata at checkout. Mot. at 1. The Agreement includes the following paragraph:

> **8.2 Governing Law**. This Agreement will be governed by the laws of the State of Colorado as applied to agreements made, entered into and performed entirely in Colorado by Colorado residents. All claims under, or otherwise with respect to, this Agreement will be brought and maintained in the State and Federal courts located in the City and County of Denver, Colorado, and the parties hereby expressly consent to the exclusive venue and jurisdiction of such courts and waive any and all objections to such venue and jurisdiction, including with respect to forum non conveniens.

Agreement at 10.

### B. Procedural History

On June 9, 2022, Plaintiff filed its FAC in this Court. On June 10, Defendants filed their instant Motion for Transfer. Plaintiffs opposed ("Opp'n") on July 1 (Dkt. 25), and Defendants replied ("Reply") on July 11 (Dkt. 29). The Court heard oral arguments on July 25, 2022.

**II. LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

A forum selection clause may be enforced through a motion to transfer under § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013). Indeed, in *Atlantic Marine*, the Supreme Court held that § 1404(a) "provides a mechanism for enforcement of forum selection clauses that point to a particular federal district." *Id.*

"In the typical case not involving a forum selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 581. The district court "weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.' " *Id.* (quoting 28 U.S.C. § 1404(a)).

However, "the calculus changes . . . when the parties' contract contains a valid forum selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) (Kennedy, J., concurring)). "The 'enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Id.* For that reason, "and because the overarching consideration under § 1404(a) is whether transfer would promote 'the interest of justice,' 'a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.*

The presence of a valid forum selection clause requires district courts to adjust the usual § 1404(a) analysis in three ways. *Id.* First, a plaintiff's venue privilege for "choice of forum merits no weight," and the "the plaintiff bears the burden of establishing that transfer to the

forum for which the parties bargained is unwarranted." *Id.* at 581–82. Second, a court must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. In agreeing to a forum selection clause, the parties have waived "the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* The district court may still consider arguments about public-interest factors. *Id.* (citation omitted). Third, if venue is transferred, the original venue's choice-of-law rules will not apply. *Id.* "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583.

**III. DISCUSSION**

In its Motion to Transfer, Defendant argues this action should be transferred to the District of Colorado pursuant to the Agreement's forum selection clause. *See generally* Mot.

To decide whether to transfer, the Court first determines whether the alleged conduct is covered by the forum selection clause and, if so, whether any factors are present that make enforcement of the forum selection clause unreasonable. *Cooley v. Target Corp.*, No. SA CV 20-00876-DOC-JDE, 2020 WL 7230985, at *2 (C.D. Cal. Oct. 12, 2020).

For the reasons below, the Court finds that the forum selection clause does cover this dispute and that it is valid and enforceable.

**A. Scope of the Forum Selection Clause**

To determine the applicability of the forum selection clause, the Court examines whether it is mandatory or permissive, as well as whether the issues in this action fall under the clause. *Id.*

In *Atlantic Marine*, the Supreme Court did not address the distinction between permissive and mandatory forum selection clauses. However, "[d]istrict courts across the country have . . . recognized that the analysis on a motion to transfer based on a forum-selection clause begins with whether the clause is mandatory or permissive. If the forum-selection clause is permissive, the courts have consistently declined to apply *Atlantic Marine*." *McNally v. Kingdom Trust Co.*, No. SA CV 20-00830-DOC-MRW. 2020 WL 7786539, at *1 (C.D. Cal.

Nov. 13, 2020) quoting *Fin. Cas. & Sur., Inc. v. Parker*, No. H-14-0360, 2014 WL 2515136, at *3 (S.D. Tex. June 4, 2014) (collecting cases).

The Court must first consider the contract's plain language, "with the understanding that the common or normal meaning of the language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011). "The prevailing rule is . . . that where venue is specified with mandatory language the clause will be enforced." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1162 (C.D. Cal. 2015) (quoting *Docksider, Ltd. V. Sea Tech.*, 875 F.2d 762, 764 (9th Cir. 1989)) (internal quotation marks omitted). For a clause to be mandatory, it "must contain language that clearly designates a forum as the exclusive one." *Id.* (quoting *N. Cal. District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)).

In this case, the Agreement states

> This Agreement will be governed by the laws of the State of Colorado . . . All claims under, or otherwise with respect to, this Agreement will be brought and maintained in the State and Federal courts located in the City and County of Denver, Colorado, and the parties hereby expressly consent to the exclusive venue and jurisdiction of such courts and waive any and all objections to such venue and jurisdiction

Agreement at 10. The plain meaning of the words "will be governed" and "all claims . . . will be brought," combined with the language clearly designating Colorado as "the exclusive venue and jurisdiction" makes the clause mandatory rather than permissive. *Ambulatory Surgery Ctr.*, 99 F. Supp. 3d at 1162.

Thus, the Court then considers whether this action is covered by the forum selection clause. *Cooley*, 2020 WL 7230985, at *2. Defendants argue that Plaintiffs claims are covered by the phrase "all claims" in the agreement and that Plaintiffs claims relate to the services purchased from Wata, thereby bringing them under the umbrella of the Agreement. Mot. at 8-10. Plaintiffs counter that their claims are for false advertising and racketeering, not for breach of the Agreement or failure to perform services as defined therein, and therefore are not

covered by the Agreement's forum selection clause. Opp'n at 15. Because the Ninth Circuit has already rejected Plaintiffs' argument, the Court agrees with Defendants.

The Ninth Circuit has previously stated that a dispute "need not grow out of the contract or relate to interpretation of the contract in order to relate to the contract" and has found forum selection clauses apply in disputes only related to a contract. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). In *Sun*, the court explicitly rejected an argument that claims of fraudulent inducement into a contract were not covered by the forum selection clause within that contract. *Id.* at 1086-87. The same is true here. Though Plaintiffs claims concern false advertising and racketeering, their claims are directly related to purchases governed by the Agreement. The *Sun* court required only "some logical or causal connection to the agreement" for a forum selection clause to cover the action and by bringing claims related to their purchase of services covered by the Agreement, Plaintiffs have created such a connection. *Id.* at 1086 (internal quotation marks omitted); *see* FAC (mentioning "grading services" 39 times).

Thus, the Court is satisfied that the claims in this action are covered by the forum selection clause, which is also mandatory and not permissive.

**B. Enforceability of the Forum Selection Clause**

The Court now turns to whether the forum selection clause is unenforceable for any reason. *Cooley*, 2020 WL 7230985, at *3.

A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984). A forum selection clause may be unreasonable if: "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' the complaining parties would 'for all practical purposes be deprived of [their] day in court[;]' or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (quoting *Bremen*, 407 U.S. at 12–13).

"[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *Bremen*, 407 U.S. at 17).

Plaintiffs argue that the clause is unenforceable because it would contravene California's public policy in favor of class actions.[1] Opp'n at 18-20. Specifically, Plaintiffs argue that Colorado's state law equivalents to California's consumer protection laws do not allow class actions, therefore making their application a violation of California's public policy. Opp'n at 12, 18-20. Plaintiffs point primarily to *Doe 1*, which found a forum selection clause unenforceable when it would have forced plaintiffs into Virginia state courts which also do not allow class actions. Opp'n at 19-20; *Doe 1*, 552 F.3d at 1084.

However, Defendants correctly respond that courts in this Circuit have distinguished between *Doe 1*, which prohibited transfer to a state court, and motions to transfer to federal courts that can hear class actions under Federal Rule of Civil Procedure 23. Mot. at 15 (collecting cases); *see, e.g.*, *Run Them Sweet, LLC v. CPA Global Ltd.*, No. 16-cv-03662-JST, 2016 WL 6216874, at *2 (N.D. Cal. Oct. 25, 2016). Because the instant Motion would transfer this action to federal court in Colorado, Plaintiffs have not shown that class actions would be unavailable and cannot meet their "heavy burden" of establishing that the forum selection clause contravenes public policy. *Doe 1*, 552 F.3d at 1084.

Because Plaintiffs have not argued that the forum selection clause is unenforceable under either of the other two *Bremen* factors, the Court finds the clause enforceable and TRANSFERS this action to the United States District Court for the District of Colorado.

## IV. DISPOSITION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion and **TRANSFERS** this case to the United States District Court for the District of Colorado.

[1] Plaintiffs also argue that the clause is unenforceable because the contract as a whole is unconscionable. Mot. at 20. However, in deciding a motion to transfer based on a forum selection clause, courts consider the clause itself, not the contract as a whole, so the Court rejects this and Plaintiffs' other arguments relating to the entire contract. *See, e.g.*, *Quality Off. Furnishing, Inc. v. Allsteel, Inc.*, No. SA CV 17-0724-DOC-KES, 2017 WL 11662670, at *3 (C.D. Cal. June 23, 2017).

DATED: July 27, 2022

David O. Carter

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE